**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| D'LISA S. ARDREY, )<br>     Plaintiff, )<br>)<br>v.            )<br>)<br>MICHAEL J. ASTRUE,[1]   )<br>COMMISSIONER OF THE SOCIAL )<br>SECURITY ADMINISTRATION, )<br>)<br>     Defendant. ) | Case No. CIV-07-04-M |

**REPORT AND RECOMMENDATION**

  Plaintiff, Ms. D'Lisa S. Ardrey, filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of Defendant Commissioner's final decision denying her application for disability insurance benefits. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). On March 22, 2007, the Commissioner filed a Motion to Dismiss Plaintiff's Complaint [Doc. #11] based on the assertion that this action was untimely filed and is therefore barred by the applicable statute of limitations.[2] Plaintiff

---

[1] Michael J. Astrue became Commissioner of the Social Security Administration on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue is hereby substituted for Commissioner Jo Anne B. Barnhart as the defendant in this suit.

[2] As the bases for his Motion, the Commissioner cites Fed.R.Civ.P. 12(b)(1), 12(b)(2), and 12(b)(6). The first two bases for dismissal are challenges to this Court's jurisdiction. The Supreme Court has held, however, that the sixty-day period during which a claimant may file a civil action after the Commissioner has issued a final, unfavorable decision, *see* 42 U.S.C. § 405(g), is a statute of limitations rather than a jurisdictional bar. *See Mathews v. Eldridge*, 424 U.S. 319, 328 n. 9 (1976). A motion to dismiss based on a statute of limitations may properly be brought pursuant to Fed.R.Civ.P. 12(b)(6). To decide the Commissioner's Motion, however, this Court must consider material outside the pleadings submitted by both parties. Therefore, the Court treats the motion as one for summary judgment pursuant to Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b).

has filed a Response [Doc. #13]. For the reasons stated below, it is recommended that the Commissioner's Motion be denied.

## I.     Procedural Background

The Administrative Law Judge (ALJ) issued her unfavorable decision on May 26, 2006. *See* Notice of Decision – Unfavorable, Motion Attachment 3. Plaintiff timely filed a Request for Review of Hearing Decision. Motion, Attachment 4. The Appeals Council denied Plaintiff's request for review in October 2006, at which time the ALJ's decision became the final decision of the Commissioner. *See* Notice of Appeals Council Action, Motion Attachment 5; Response Attachment 1 (Notice). Plaintiff filed her Complaint in this Court on January 3, 2007. It is the date of the Notice of Appeals Council Action that is at issue.

## II.    Standard of Review

As noted, both parties have presented matters outside the pleadings. Therefore, pursuant to Fed.R.Civ.P. 12(b), the Commissioner's Motion should be treated as one for summary judgment and disposed of as provided in Fed.R.Civ.P. 56. Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In making this determination, this Court views all evidence and draws all reasonable inferences in favor of the nonmoving party. *See Deschenie v. Board of*

*Education of Central Consolidated School Dist. No. 22*, 473 F.3d 1271, 1276 (10th Cir. 2007) (internal citation omitted).

### III. Analysis

The Social Security Act provides for judicial review of final administrative decisions:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). In its regulations, the Social Security Administration (SSA) has interpreted the above-quoted statute as follows:

> The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you or another party file an action in Federal district court, or the decision is reversed. You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's action.

20 C.F.R. § 404.981. The SSA's regulations create a rebuttable presumption that a Notice is received five days after the date on the Notice:

> Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period.

20 C.F.R. § 404.901.[3]

---

[3]"You," as defined in the subpart, "refers to any person claiming a right under the . . . disability . . . program." 20 C.F.R. § 404.901. In this case, Plaintiff relies on the dated copy of the Notice received by her representatives, and she contends that the running of the limitation period was triggered by that date. Although the regulations refer to receipt of the Notice by a claimant, determining the expiration of the 60-day period from the date on a Notice sent to a claimant's representative is consistent with SSA regulations which allow a claimant to appoint a representative.
(continued...)

In this case, the "date on the notice" is recorded at the top of the Notice, apparently with the type of inked date stamp commonly used by businesses, courts and governmental agencies. The resulting imprint, however, is not well-executed and is difficult to discern. In fact, the date stamp could be read as "Oct 23, 2006," or as "Oct 28, 2006." *See* Notice of Appeals Council Action, Motion Attachment 5; Notice of Appeals Council Action, Response Attachment 1.[4] The Commissioner contends that the Notice is dated October 23, 2006, that Plaintiff is presumed to have received the Notice on October 28, 2006, that the sixty-day limitation period expired on December 27, 2006, and that Plaintiff's Complaint, filed January 3, 2007, is untimely.[5]

---

[3](...continued)
*See* 20 C.F.R. 404.1705. A properly appointed representative may act on the claimant's behalf to obtain information, submit evidence, make statements about facts and law, and make requests or give notice about proceedings before the SSA. *See* 20 C.F.R. § 404.1710. *See also Roberts v. Shalala*, 848 F. Supp. 1008 (M.D. Ga. 1994); 30 Fed. Proc. § 71:639 ("[I]t has been held that notice sent to a representative is of no less value than notice sent to the claimant and that such a notice may, under certain circumstances, be a factor in determining the period in which judicial review can be sought[.]"). *But see Flores v. Sullivan*, 945 F.2d 109, 112-113 (5th Cir. 1991) (where claimant and attorney both receive notice well within the presumptive 65 day period to file suit, the notice to the attorney is not a factor in determining the period in which judicial review can be sought). In this case, neither the Commissioner nor Plaintiff discusses when or if the Plaintiff actually received a copy of the Notice. Therefore, this Court has considered the Notice sent to Plaintiff's representative and the copy of the Notice from the administrative record to determine proper resolution of the Motion.

[4]The "Claim File" notation at the bottom of the Notice attached to the Motion indicates that Attachment 5 of the Motion is a copy of the Notice from the administrative record. The "Representative" notation at the bottom of the Notice attached to the Response indicates that Attachment 1 of the Response is a copy of the Notice sent to Plaintiff's representative.

[5]The Commissioner notes that Plaintiff did not seek an extension of time from the Appeals Council to file her Complaint. *See* 20 C.F.R. § 404.982. As discussed in further detail below, Plaintiff's attorneys had no reason to file for an extension because they read the date on the Notice as "October 28, 2006," and believed the Complaint was timely filed.

Plaintiff contends that the Notice sent to her representatives is dated October 28, 2006, making the presumptive date of receipt five days later on November 2, 2006. Additionally, Plaintiff states that the Notice was actually received by her representatives no earlier than the first or second day of November, 2006.

It is clear from the attachments to Plaintiff's Response that her representatives all read the date on the Notice as "October 28, 2006." A letter dated November 2, 2006, signed by Philip D. Ryan, referred Plaintiff's case to Steve A. Troutman for review and possible appeal to this Court. The letter sets forth pertinent dates including "Notice of Appeals Council Action dated 10/28/06." Response Attachment 2. The Affidavit of LaGina Ridgeway, Legal Assistant for Mr. Ryan, states that after receiving notice that the Appeals Council has denied review of a claim for benefits, her normal procedure is to prepare a letter of referral to Mr. Troutman. She states that she prepares and mails the referrals to Mr. Troutman either on the day she receives the Notice or at least by the next day. Ms. Ridgeway states that she received the Notice in question no earlier than November 1, 2006, as evidenced by the letter to Mr. Troutman that is dated November 2, 2006.

Plaintiff's evidence is compelling and supports a finding that the Notice of Appeals Council Action received by Plaintiff's representative is dated October 28, 2006. Based on this finding, the Commissioner's Motion should be denied.

Even if this Court were to find that the Notice is dated October 23, 2006, the Commissioner's Motion should still be denied. The sixty-day period for filing an appeal of a decision by the Commissioner is a statute of limitations, not a jurisdictional requirement.

The sixty-day limitation period may, therefore, be equitably tolled. *See Bowen v. City of New York*, 476 U.S. 467, 480 (1986) ("[A]pplication of a traditional equitable tolling principle to the 60-day requirement of § 405(g) is fully consistent with the overall congressional purpose and is nowhere eschewed by Congress.") (internal quotations and citation omitted). The Supreme Court has recognized that the sixty-day limitation period is part of a statutory scheme designed by Congress to be "unusually protective" of claimants. *See Bowen* at 480 (*quoting Heckler v. Day*, 467 U.S. 104, 106 n. 3 (1984)).[6] Equitable tolling is warranted in a case:

> [w]here confusion over the status of a claim or the appeal procedure itself, on the part of either a claimant or his representative, is reasonably traceable to some conduct . . . on the part of the agency or its representatives[.]

*Castle v. Chater*, 934 F. Supp. 847, 848 (E.D. Ky. 1996) (*citing Vernon v. Heckler*, 811 F.2d 1274, 1278 (9th Cir. 1987); *Aschettino v. Sullivan*, 724 F. Supp. 1116 (W.D.N.Y. 1989)). Although the Appeals Council did not deliberately intend to confuse Plaintiff's representatives, the poorly-executed date stamp, if in fact the date on the Notice is October 23, 2006, was the direct cause of the allegedly untimely filing of the Complaint in this case. Application of the doctrine of equitable tolling is, therefore, appropriate in this case. It is clear that Plaintiff's representatives read the date on the Notice from the Appeals Council as "October 28, 2006," and filed the Complaint within the sixty-day period triggered by that

---

[6]The regulations themselves support application of equitable tolling in this case. The Agency recognizes that "good cause" exists for missing a deadline where the Agency's action has misled a claimant. *See* 20 C.F.R. § 404.911(a)(2). The ambiguous date on the Notice was clearly misleading if, in fact, the Notice was dated October 23, 2006.

date. For that reason, the limitation period should be equitably tolled, and Plaintiff's Complaint should be considered timely filed.

In sum, the Commissioner's Motion should be denied because the evidentiary record before the Court strongly indicates that the date on the Notice sent to Plaintiff's representative is October 28, 2006, and that Plaintiff's Complaint was therefore timely filed. Alternatively, Plaintiff's Complaint should be deemed timely filed based on the doctrine of equitable tolling.

## RECOMMENDATION

It is recommended that the Commissioner's Motion to Dismiss [Doc. #11] be denied.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by May  29th , 2007. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation does not terminate the referral by the District Judge in this matter.

7

ENTERED this  8th  day of  May, 2007.

                                        _____
                                        VALERIE K. COUCH
                                        UNITED STATES MAGISTRATE JUDGE